-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH ARYEN SELEVAN,

                    Plaintiff,

                                                        06-CV-0616A

            -v-
                                                        MEMORANDUM and ORDER

MICHAEL CHERTOFF, THE USA DEPT.
OF HOMELAND SECURITY,

                    Defendants.

_____

        Plaintiff, Joseph Aryen Selevan, has filed a *pro se* action and application to proceed

*in forma pauperis*.  The complaint, which is set forth in a letter, muses about a number of

different things including, but not limited to, how he had an earlier case in Norfolk, Virginia

alleging violations of "RICO" that he is re-opening here because of new evidence including

Postal Service and ATM receipts, and that the reason he is filing this action against the

Department of Homeland Security is that the Office of the Prime Minister of Israel has been

obstructing justice and using its influence to perpetrate a "RICO Network."  (Docket No. 1,

Complaint).  The complaint also states that plaintiff was on the street one night and the

Buffalo Police Department "indicated that they were using the power of government radiation

coming from the street lights signaling to [him] with a spotlight," and that there are people in

this country and Israel who are trying to use the Department of Homeland Security "for their

own needs."  The complaint, like all of plaintiff's other actions and letters recently filed in this

Dockets.Justia.com

Court, are largely incomprehensible and wholly delusional.[1]  For the reasons discussed below, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*.  Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they are wholly frivolous and predicated on indisputably baseless legal theories.

## DISCUSSION

The same statute that allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'"  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), citing to what is now 28 U.S.C. § 1915(e).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because

---

[1]The other actions--*Selevan v. USA Dept. of Defense, et al.*, 06-CV-0574A (filed 08/25/06); *Selevan v. U.S. Atty. General Gonzalez, et al.*, 06-CV-0591A (filed 08/31/06); *Selevan v. Pataki et al.*, 06-CV-0635A (filed 09/20/06)--are equally frivolous and delusional, as are the dozens of letters plaintiff has submitted to the Court over the last few weeks.

> of the costs of bringing suits and because of the threat of
> sanctions for bringing vexatious suits under Federal Rule of
> Civil Procedure 11.  To this end, the statute accords judges
> not only the authority to dismiss a claim based on an
> indisputably meritless legal theory, but also the unusual
> power to pierce the veil of the complaint's factual allegations
> and dismiss those claims whose factual contentions are
> clearly baseless.  Examples of the former class are claims
> against which it is clear that the defendants are immune from
> suit ∗∗∗ and claims of infringement of a legal interest which
> clearly does not exist ∗∗∗∗.  Examples of the latter class are
> claims describing fantastic or delusional scenarios, claims
> with which federal district judges are all too familiar.

*Id.* at 327-28, 1833 (citation omitted).  The U.S. Supreme Court elaborated on this "power

to pierce the veil of the complaint's factual allegations" a few years later:

> [T]he § 1915[e] frivolousness determination, frequently made
> *sua sponte* before the defendant has even been asked to file
> an answer, cannot serve as a factfinding process for the
> resolution of disputed facts. ∗∗∗ [A] court may dismiss a
> claim as factually frivolous only if the facts alleged are "clearly
> baseless," a category encompassing allegations that are
> "fanciful," "fantastic," and "delusional."  As those words
> suggest, a finding of factual frivolousness is appropriate when
> the facts alleged rise to the level of the irrational or the wholly
> incredible, whether or not there are judicially noticeable facts
> available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327).

Here, the complaint is precisely the type of "fantastic," "delusional" and "incredible"

allegations that warrant dismissal as factually frivolous.  Plaintiff's complaint is nothing

more than the sad, delusional thoughts of an individual who is simply in the wrong forum

to obtain the assistance he so obviously seems to need and it must be dismissed as

frivolous.

3

Accordingly, this action is hereby dismissed under 28 U.S.C. § 1915(e)(B)(i).

Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see*

Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990),

especially where a complaint has been submitted *pro se*, *Davidson v. Flynn*, 32 F.3d 27,

31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as

in this case.

### CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a).  Accordingly,

plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed

above, the complaint is dismissed with prejudice pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(i).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal

from this Order would not be taken in good faith, and leave to appeal to the Court of

Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).

Further requests to proceed on appeal as a poor person should be directed, on motion, to

the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of

the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is

granted;

FURTHER, that the complaint is dismissed with prejudice; and

4

FURTHER, that leave to appeal to the Court of Appeals as a poor person is

denied.

SO ORDERED.

DATED:    Buffalo, New York
          *October 4*      , 2006

_____
                     JOHN T. ELFVIN
             UNITED STATES DISTRICT JUDGE